# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CHRISTINE ANDERSON,<br>　　　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-17-0044-I-1 |
| 　　　　v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　　　Agency. | DATE: January 18, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bradley R. Marshall</u>, Charleston, South Carolina, for the appellant.

<u>Jason Myers</u>, APO, AE, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to clarify that we have considered the appellant's discrimination and retaliation claims to the extent they relate to the voluntariness issue, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant, who was employed as a Teacher by the Department of Defense Dependent Schools, filed an appeal on October 11, 2016, in which she alleged that her August 31, 2016 retirement was involuntary.  Initial Appeal File (IAF), Tab 1 at 4.  The appellant alleged that the agency subjected her to discrimination based on age and sex and that she was subjected to reprisal for prior protected equal employment opportunity (EEO) activity.  *Id*.  She included a copy of a formal complaint she filed with the Equal Employment Opportunity Commission (EEOC) on February 10, 2015.  *Id*. at 8-33.  Because it appeared that the Board may not have jurisdiction over her appeal, the administrative judge ordered the appellant to submit evidence and argument establishing a nonfrivolous allegation of jurisdiction.  IAF, Tab 3.  The appellant did not file a response.  The agency subsequently filed a pleading requesting that the appeal be dismissed for lack of jurisdiction.  IAF, Tab 5.

¶3      Thereafter, the administrative judge issued an initial decision, finding that the appellant failed to make a nonfrivolous allegation of jurisdiction over her involuntary retirement claim.  IAF, Tab 6, Initial Decision (ID) at 3-5.  He also found that the Board lacks jurisdiction over the appellant's claim that the agency's action was the result of discrimination based on age and sex and retaliation for EEO activity.  ID at 6.  He therefore dismissed the appeal for lack of jurisdiction without holding the requested hearing.  ID at 1, 6.  Because the administrative judge found that the Board lacks jurisdiction over the appeal, he did not address the timeliness of the appeal.  ID at 1 n.1.

¶4      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 3.  The agency has filed a response.  PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has failed to make a nonfrivolous allegation that her retirement was involuntary.

¶5      Retirements are presumed to be voluntary, and the appellant bears the burden of proving otherwise.  *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 12 (2009).  To overcome the presumption that a retirement was voluntary, the employee must show that the retirement was the result of the agency's misinformation or deception, or that the retirement was coerced by the agency.  *Id*.  To establish involuntariness on the basis of coercion, an employee must show that the agency effectively imposed the terms of the employee's retirement, the employee had no realistic alternative but to retire, and the employee's retirement was the result of improper acts by the agency.  *Id*.  The touchstone of the "voluntariness" analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived her of freedom of choice.  *Id*.  If an employee claims that her retirement was coerced by the agency creating intolerable working conditions, the employee must show a reasonable employee in her position would have found the working conditions so difficult or unpleasant that they would have felt compelled

to retire. *Id*. The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness. *Id*.

¶6    Here, the appellant appears to reassert on review that her retirement was the result of discrimination and retaliation for her EEO-related activity. PFR File, Tab 3; IAF, Tab 1 at 8-33. The administrative judge found that the Board lacks the authority to review these claims absent an otherwise appealable action. ID at 6. However, we have examined these claims insofar as they relate to the involuntariness of her decision to retire and conclude that they fail to raise a nonfrivolous allegation of involuntariness. *See Axsom*, 110 M.S.P.R. 605, ¶¶ 12, 17. Specifically, while the appellant's formal EEO complaint describes her interactions with school administrators, the last interaction described occurred in November 2014. IAF, Tab 1 at 28-29. However, she did not complete her retirement application until May 15, 2016, and she specified that her retirement was to be effective on August 31, 2016. IAF, Tab 5 at 9-11. Because the appellant made the choice to continue to work for at least a year and a half after the last described incident, she did not allege facts that could show that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in her position would have felt compelled to retire. *See Axsom*, 110 M.S.P.R. 605, ¶ 12.

¶7    On review, the appellant has submitted sworn declarations that were submitted as evidence in her discrimination complaint filed with the EEOC. PFR File, Tab 3 at 31-82. The declarations, as well as the assertions in her petition for review, expand on the factual allegations she made below that she was forced to retire due to intolerable working conditions. *Id*. Although these declarations may raise new arguments by describing additional interactions with school administrators, parents, and students, these allegations are based on facts that were known to the appellant while her appeal was pending before the administrative judge. *Id*. Generally, the Board will not consider an argument

raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, [4 M.S.P.R. 268](), 271 (1980). The appellant here has not attempted to make her required showing, and we thus have not relied on her new arguments on review. Nevertheless, even if we were to consider them, they do not affect the outcome of the case.

¶8        A nonfrivolous allegation is an allegation of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the appeal. *See Axsom*, [110 M.S.P.R. 605](), ¶ 9. The appellant's new arguments, even if she were able to prove them, would not show that her retirement was involuntary. For example, the newly submitted declarations allege that the appellant had additional negative or uncomfortable interactions involving school administrators, parents, and students in 2015 and 2016 prior to her retirement, and she sets forth her version of these interactions. PFR File, Tab 3 at 31-82. Although the appellant has alleged unpleasant working conditions, she has not alleged facts to show that her working conditions were so intolerable such that a reasonable person in her position would have felt compelled to retire or resign. *See Miller v. Department of Defense*, [85 M.S.P.R. 310](), ¶ 32 (2000) (explaining that dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to resign). We find, therefore, that the administrative judge correctly dismissed this appeal for lack of jurisdiction. Because the Board does not have jurisdiction over this appeal, we have not addressed the issue of whether this appeal was timely filed.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.